# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM MCGUINNESS, M.D., et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00306-AWI-GSA PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 3)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 3, 2008, Plaintiff filed a motion seeking an order remedying his ongoing pain and suffering, which arise from a medical issue with his left shoulder and collarbone.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted).  Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).  Plaintiff's motion is not accompanied by any evidence and because Plaintiff is not a medical expert, he is not qualified to render an opinion that he has medical needs which require immediate treatment.  Because Plaintiff has not supported his motion with any admissible evidence relating to his medical needs, he has not met his burden and his motion must be denied.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed March 3, 2008, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file a written objection with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 8, 2008**           /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE