# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>            Plaintiff,<br><br>     v.<br><br>WILLIAM MCGUINNESS, M.D., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-00306-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF EQUAL PROTECTION CLAIM AND DEFENDANT TERCERO<br><br>(Docs. 1, 10, and 11) |

**Findings and Recommendations Following Screening of Complaint**

**I.     Procedural History**

Plaintiff Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action on March 3, 2008. On September 12, 2008, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants McGuinness, Smith, and Kim for violation of the Eighth Amendment and negligence under California law, but does not state a cognizable equal protection claim and does not state any claims against Defendant Tercero. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On September 22, 2008, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

///

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, while the burden on the pleader is not great, the factual allegations must still be sufficient to state a plausible claim. Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008).

## III. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is currently housed at California State Prison-Corcoran, where the events at issue in this action are occurring. Plaintiff is seeking monetary damages and injunctive relief based on the violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. In addition, Plaintiff alleges negligence in violation of California tort law. Plaintiff contends that Williams McGuinness, Chief Medical Officer; Doctors Smith, an orthopedic surgeon, and Julian Kim; and J. Tercero, Appeals Analyst, are responsible for the violation of his rights.

Sometime between 1995 and 1996, Plaintiff injured his shoulder. He began complaining about shoulder pain, and numbness in his left arm and hand, and Dr. Smith performed surgery to

remove a wrist cyst on August 18, 2005.  Plaintiff complained to Dr. Smith of continued pain and numbness during a check-up and was told they should subside but to make another appointment if not.  Plaintiff also notified Dr. Smith that his collarbone appeared to be dislocated and was protruding from his chest area.

The pain continued to worsen to the point that it prevented Plaintiff from sleeping at times, and Plaintiff began to complain to medical staff.  X-rays were performed, but were not determinative.

On October 5, 2005, Dr. Smith ordered nerve testing for the numbness, and stated he was unsure what could be done about Plaintiff's collarbone, as the state was not contracted to do that kind of operation.  Dr. Smith reordered the nerve testing on November 16, 2005.  The nerve testing was conducted at an outside hospital but the doctor was unable to find any damage and suggested an MRI might be better suited to find the problem.

Plaintiff encountered trouble getting the MRI scheduled because staff incorrectly believed he was not a candidate due to the pin in his knee. Plaintiff was given Tylenol and advised to try and bear it because nothing else could be done.

On or around September 2006, due to the longstanding nature of Plaintiff's problems and pain, he was referred to Dr. McGuinness, the Chief Medical Officer, for evaluation by N. Loadholt, a Family Nurse Practioner ("FNP") charged with Plaintiff's care.  FNP Loadholt ultimately wrote three referrals to Dr. McGuinness, none of which was acted on.

On November 10, 2006, Plaintiff initiated the inmate appeals process by filing a grievance. Plaintiff was given a CT scan on April 9, 2007, and seen again by Dr. Smith on April 18, 2007.  Dr. Smith complained about the lack of an MRI and stated that the metal in Plaintiff's knee would not be affected.

An MRI was thereafter conducted, but at no time was Plaintiff provided with the results. FNP Loadholt indicated that the MRI revealed an injury to Plaintiff's left shoulder but would not discuss it further, stating that Plaintiff would need to discuss it with the orthopedist.  FNP Loadholt again referred Plaintiff to the orthopedist.

///

On November 6, 2007, Plaintiff was seen by Dr. Kim, who advised him that he should be seeing the orthopedist the next month. Dr. Kim indicated that pain drugs were temporary and not generally effective. Plaintiff alleges that although the Tylenol provided little to no pain relief, Dr. Kim would not renew the prescription for it, depriving him of the only pain management tool provided to date

Plaintiff alleges that he suffers intense pain on a daily basis as well as numbness in his left arm and hand. Plaintiff has still not been provided with his MRI results and has not been provided with anything to manage his pain.

### B.     Eighth Amendment Medical Care Claims

#### 1.     Claims Against Defendants McGuinness, Smith, and Kim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). A *complete* denial of medical care is not required to show deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (emphasis added). "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." Id.

The Court finds that Plaintiff's allegations are sufficient to state claims against Defendants

McGuinness, Smith, and Kim.[1]  Fed. R. Civ. P. 8(a); Johnson, 534 F.3d at 1122; Jett, 439 F.3d at 1098.

### 2.    Claim Against Defendant Tercero

At the Director's Level of review, Plaintiff's appeal was granted in part, and the Medical Appeals Analyst was directed to obtain an orthopedic consultation appointment for Plaintiff as soon as medically possible and send a written statement to the Appeals Branch regarding completion of the order so that closure of the appeal could be effected. (Comp., Ex. C.) Plaintiff alleges that Defendant Tercero was the Medical Appeals Analyst, and failed to comply with the directive.

The existence of an administrative remedy process does not create any substantive rights, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001), and generally, a defendant's involvement in the appeals process alone cannot support a claim for relief for violation of a constitutional right, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).  Plaintiff may not seek to impose liability on Defendant Tercero under section 1983 for failing to submit a written statement to the Appeals Branch as directed. That is an administrative matter and does not evidence a violation of Plaintiff's constitutional rights.

Plaintiff may pursue a claim against Defendant Tercero only if he acted with deliberate indifference to Plaintiff's serious medical needs. Farmer, 511 U.S. at 837. Further, to the extent that Defendant was responsible for a delay in treatment, that delay must have led to further harm. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). Here, Defendant Tercero was ordered to obtain a consultation for Plaintiff as soon as medically possible. (Ex. C.) The decision containing the directive was issued on April 16, 2007, and Plaintiff was summoned to see Defendant Smith, the orthopedic specialist, on April 18, 2007. (Comp., court record pg. 11; Ex. C.) In as much as Plaintiff's allegations establish that he was seen within two days of the issuance of the directive, there is no support for a claim that Defendant

---

[1] Plaintiff alleges official and personal capacity claims, and is seeking monetary and injunctive relief. Plaintiff's official capacity claims for damages are barred, but his official capacity claims for prospective injunctive relief are not. Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007); Wolfe v. Strankman, 392 F.3d 358, 364-65 (9th Cir. 2004).

1  Tercero was involved in any violation of Plaintiff's rights. His duty to ensure Plaintiff was seen for
2  an orthopedic consultation was discharged when Plaintiff had such a consultation on April 18, 2007.
3  The failure to follow-up with the Appeals Branch to effect closure of the appeal does not constitute
4  deliberate indifference to Plaintiff's medical needs.

### C. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original). In the alternative, if the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 485 (9th Cir. 2008).

Although Plaintiff alleges a claim for violation of the Equal Protection Clause, the complaint is devoid of any facts which support a claim that Plaintiff was intentionally treated differently than other similarly situated inmates.

### D. Negligence Claim[2]

"To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to

---

[2] Plaintiff's complaint is accompanied by an exhibit evidencing compliance with the California Tort Claims Act, a condition precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

6

plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." <u>Rightley v. Alexander</u>, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to <u>Hoyem v. Manhattan Beach School Dist.</u>, 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." <u>Hutchinson v. United States</u>, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted). Plaintiff may proceed against Defendants McGuinness, Smith, and Kim for negligence, but for the reasons set forth in subsection B(2), there is no basis for the imposition of liability against Defendant Tercero.

## IV. Conclusion and Recommendation

Plaintiff's complaint states claims against Defendants McGuinness, Smith, and Kim for violation of the Eighth Amendment and negligence under California law. However, the complaint does not state a cognizable equal protection claim and does not state any claims against Defendant Tercero. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed March 3, 2008, against Defendants McGuinness, Smith, and Kim for violation of the Eighth Amendment and negligence under California law;

2. Plaintiff's equal protection claim be dismissed for failure to state a claim; and

3. Defendant Tercero be dismissed based on Plaintiff's failure to state any claims against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   September 24, 2008**             **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE