**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Alvin R. Ross, | ) | |
| | ) | 1:08-CV-306 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **RULE 16** |
| | ) | **SCHEDULING AND** |
| William McGuinness, et al., | ) | **DISCOVERY ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, having filed a complaint pursuant to 42 U.S.C. § 1983 and defendants having answered,

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

**THE PARTIES AND COUNSEL ARE CAUTIONED THAT THE DEADLINES SET FORTH IN THIS RULE 16 SCHEDULING ORDER SHALL BE STRICTLY ENFORCED.**

1.      All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed, shall be made **no later than March 3, 2009.**

2.      To satisfy the requirements of Fed.R.Civ.P. 26(a), the parties shall file

with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

3.      Any defense motion to dismiss or for summary judgment, the result of which is not dependent on the development of the factual record, shall be filed **on or before April 2, 2009.**

4.      Motions to Amend the Complaint, and to join additional parties shall be filed **no later than May 4, 2009.**

5.      Plaintiff shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by **June 4, 2009**.  Defendants shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by **July 5, 2009**.

6.      All discovery must be completed and the parties are required to finally supplement <u>all</u> discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used  and  all  witnesses to be called at trial, on  or  before **August 24, 2009.**  The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3).  Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court, and the inherent power of the court.

7.      Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court.   Therefore,   there is a limit of twenty-five (25) interrogatories, including discrete subparts, applicable to this case.   The parties are also limited to 15 requests for production and 10 requests for admission from each party to the other party.

8.      Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P. and as provided in the Local Rules of Practice for the District of Arizona unless granted permission to depart from these Rules by Order of this Court.   To the extent that the Fed.R.Civ.P. differ from Local Rules, the Fed.R.Civ.P. shall govern.

If defendant desires to take plaintiff's deposition, leave of court is granted to take such deposition pursuant to Fed.R.Civ.P. 30(a)(2).   The deposition may be taken by telephone at the option of defendant.

9.      Motions on discovery matters are strongly discouraged.   Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first conferred in good faith, in person or by telephone, and attempted to resolve any discovery difficulties.   If the parties cannot reach a resolution, they may file a motion. Motions, responses and replies shall not exceed six pages each.

10.      All dispositive motions shall be filed no later than **September 30, 2009**.   **Each party shall file no more than one motion for summary judgment unless leave of Court is requested and obtained.**

11.      All parties are specifically admonished that pursuant to LRCiv 7.2(i),

3

"[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or **if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.**"

          12.     **A Joint Proposed Pretrial Order** shall be lodged by **October 16, 2009**, notwithstanding the pendency of unresolved dispositive motions.  The parties are therefore advised to get their dispositive motions resolved sooner rather than later.  The Proposed Pretrial Order shall be in the form prescribed by the assigned trial judge.

          DATED this 6th day of February, 2009.

_____
Mary H. Murguia
United States District Judge