**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alvin R. Ross, ) | No. CV-1-08-0306-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| William McGuinness, M.D., et al., ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff's Motion Declaring Admissions Admitted (Doc. # 29), Motion Requesting for Court Intervention and to Exceed Discovery Limitation Time Period (Doc. # 31), Motion Requesting for Appointment of Counsel (Doc. # 44), Motion Requesting For Documents & Inserts Be Entered Into Evidence for Trial (Doc. # 49), and Motion in Request to Postpone Consideration of Defendant's Motion for Summary Judgment (Doc. # 53). The Court will address each in turn.

**A.Motion Declaring Admissions Admitted**

Plaintiff has filed a motion requesting that the Court deem Plaintiff's Request for Admissions from Defendants McGuinness, Kim, and Smith admitted due to Defendants' counsel's untimely response.

Defendants' counsel responds that he inadvertently calendared the date for responses for 45 days after service instead of 30 because that is the norm in the Eastern District of

1  California. Counsel apologizes and asks that Defendants not be punished because of his
2  mistake.
3   By both the Court's and Defendant's calculation, Defendants' responses were due on
4  March 25, 2009. The record demonstrates that counsel served a timely response to Plaintiff's
5  request for admissions with respect to Defendant McGuinness on February 24, 2009. (Doc.
6  # 40, Exh. D). Counsel served responses with respect to Defendants Kim and Smith on April
7  2, 2009, beyond the deadline. (Doc. # 40, Exh. E, F)
8   Although two of counsel's responses were untimely, in light of the minor delay – 8 days
9  – and the lack of any allegations of prejudice from this delay by Plaintiff,[1] the Court will
10 deny Plaintiff's motion.
11  Nevertheless, the Court finds counsel's unfamiliarity with the Rules of Civil Procedure,
12 which govern this case, troubling. Federal Rule of Civil Procedure 36(a)(3) provides that an
13 answer to a request for admissions be served upon the requesting party within 30 days after
14 being served or the matter is deemed admitted. Counsel is admonished to strictly adhere to
15 all requirements imposed by the Federal and Local Rules of Civil Procedure and the Court's
16 orders in the future.

**B. Motion Requesting Court Intervention and to Exceed Discovery Limitation Time Period**

 Plaintiff's motion concerns authorizations to obtain medical records that were sent to him by Defendants. Plaintiff objects to submitting his entire medical record but would "not oppose providing only those documents that specifically relate[] to this case . . . upon a confidential agreement." Plaintiff, however, imposes the condition that the individual Defendants may review these documents only if the review is conducted in his presence. Plaintiff further states that "if such a request [for the entire medical file] is granted for the

---

[1] In his Response, Plaintiff points to a letter dated May 20, 2009, to defense counsel complaining that he was prejudiced by the submission of "non-responsive interrogatories," "especially that of Defendant McGuinness." (Doc. # 40, exh. D) Plaintiff, however, did not claim prejudice from the 8-day delay with respect to the responses of Defendants Kim and Smith to his request for admissions.

- 2 -

Defendants, then it must equally be granted for the Plaintiff to view their personnel files . . . ." Plaintiff asks the court to "[d]eclare the rights of the parties" and "[o]utline a viable solution of reasonability." In addition, Plaintiff requests an extension of certain discovery deadlines.

Defendants respond that Plaintiff's proposal that the review of his medical records be conducted in his presence is not practical, given the doctors' schedules. Defendants note that Plaintiff has refused to sign the release despite their assurances that the records will be used solely for this case and that they will be destroyed at the conclusion of the case. Defendants maintain that Plaintiff's motion cannot be construed as a request for protective order because the authorization does not command him to produce any records, but "simply states that defendant will move to exclude any medical records at trial or in opposition to a motion" should Plaintiff refuse to allow Defendants "reasonable access to the records."

Because this motion cannot be construed as a request for a protective order and because Plaintiff has submitted pertinent medical records since he filed the instant motion (see Docs. #50, #51), the Court will deny Plaintiff's motion for court intervention. The Court will also deny Plaintiff's motion to exceed discovery limitation time period pending its ruling on Defendants' Motion for Summary Judgment.

**C.      Motion Requesting Appointment of Counsel**

Plaintiff has also filed a Motion for Appointment of Counsel. There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

1   The Court finds this action presents no "exceptional circumstances" requiring the
2   appointment of counsel at this time. Plaintiff is in no different a position than other *pro se*
3   litigations who have brought nearly identical claims and the reasons provided by Plaintiff do
4   not warrant the appointment of counsel. Plaintiff has done a credible job articulating his
5   claims, presenting motions and filing supporting papers on behalf of his case. Jackson v.
6   Dallas Police Dept., 811 F.2d 260 (5th Cir. 1986). Accordingly, Plaintiff's Motion for
7   Appointment of Counsel will be denied without prejudice. However, the Court notes that the
8   assistance of counsel may be appropriate if this matter is set for trial. See e.g., Reynolds v.
9   Foree, 771 F.2d 1179 (8th Cir. 1985); Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir.
10  1983). In the event this matter is scheduled for trial, Plaintiff may resubmit his Motion for
11  Appointment of Counsel.

12  Plaintiff also requests appointment of an expert witness. The decision whether to appoint
13  an expert witness is discretionary and should only be exercised in "compelling
14  circumstances." United States Marshals Service v. Means, 741 F.2d 1053, 1059 (8th Cir.
15  1984). The Court finds this action presents no "compelling circumstances" requiring the
16  appointment of an expert witness at this time and therefore denies this request.

17  **D.        Motion Requesting For Documents & Inserts Be Entered Into Evidence for Trial**

18  Plaintiff requests that the discovery documents attached to his motion "be placed into
19  evidence for trial pursuant to the Court's order of February 06, 2009," which required the
20  "disclosure . . . of all exhibits to be used . . . at trial." (Doc. # 26) Upon the filing of this
21  pleading, the attached documents were made part of the record. Plaintiff's request that
22  the documents be entered into evidence, however, is premature. In the event that this case
23  proceeds to trial, Plaintiff may introduce them and move for their admission at that time.
24  Accordingly, the Court will deny Plaintiff's motion without prejudice.
25  / / /

### E. Motion Requesting the Court to Postpone Consideration of Defendant's Motion for Summary Judgment

Defendants have filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. # 52) Plaintiff requests that the Court postpone consideration of Defendants' summary judgment motion due to the pendency of the motions discussed above. In light of the Court's rulings on these motions, the Court will deny Plaintiff's motion and require Plaintiff to respond.

Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. See Rule 56(b). Defendants' motion sets forth the facts which Defendants contend are not reasonably subject to dispute and that entitle Defendants to judgment as a matter of law. See Rule 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law. Plaintiff may show Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that Plaintiff has personal knowledge of the matters stated and if Plaintiff calls to the court's attention those parts of the complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[2]

---

[2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Rule 56(e). A motion supported by

1  setting forth the facts which Plaintiff believes prove Plaintiff's claims (the persons who
2  sign the affidavit or declaration must have personal knowledge of the facts stated); (3)
3  Plaintiff may also rely upon written records but Plaintiff must prove that the records are
4  what Plaintiff claims they are;[3] (4) Plaintiff may also rely upon all or any part of the
5  transcript of one or more depositions, answers to interrogatories, or admissions obtained
6  in this proceeding.  Should Plaintiff fail to contradict Defendants' motion with affidavits,
7  declarations, or other evidence, Defendants' evidence will be taken as truth, and final
8  judgment may be entered without a full trial.  See Rule 56(e).

9  If there is some good reason why such facts are not available to Plaintiff when required
10 to oppose such a motion, the court will consider a request to postpone considering
11 Defendants' motion.  See Rule 56(f).  If Plaintiff does not serve and file a request to
12 postpone consideration of Defendants' motion or written opposition to the motion, the
13 court may consider Plaintiff's failure to act as a waiver of opposition to Defendants'
14 motion.  Plaintiff's waiver of opposition to Defendants' motion may result in the entry of
15 summary judgment against Plaintiff.

16 Accordingly, based on the foregoing,

17 **IT IS ORDERED** denying Plaintiff's Motion Declaring Admissions Admitted.  (Doc.
18 # 29)

19 **IT IS FURTHER ORDERED** denying Plaintiff's Motion Requesting for Court
20 Intervention and to Exceed Discovery Limitation Time Period.  (Doc. # 31)

21 **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion
22 Requesting for Appointment of Counsel.  (Doc. # 44)

23 **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion
24 Requesting For Documents & Inserts Be Entered Into Evidence for Trial.  (Doc. # 49)

---

affidavits or declarations that are unsigned will be stricken.

[3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  Rule 56(e).

1    **IT IS FURTHER ORDERED** denying Plaintiff's Motion in Request to Postpone
2  Consideration of Defendant's Motion for Summary Judgment.  (Doc. # 53).
3    **IT IS FURTHER ORDERED** that Plaintiff must file a response to Defendants'
4  Motion for Summary Judgment within 30 days of the filing of this order.
5    **IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after
6  service of Plaintiff's response.
7         DATED this 26th day of April, 2010.

_____
Mary H. Murguia
United States District Judge